UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARPON TRANSPORTATION
SERVICES, INC.,

     Plaintiff,

v.                           Case No. 8:20-cv-2656-VMC-CPT

TOTAL QUALITY LOGISTICS, LLC,

     Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Tarpon Transportation Services, Inc.'s Motion to Stay Case (Doc. # 47), filed on August 10, 2021. Defendant Total Quality Logistics, LLC responded on August 23, 2021. (Doc. # 50). For the reasons that follow, the Motion is granted.

**Discussion**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

1

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-GKS-GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-CEH-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

Tarpon moves to stay this case for at least six months. (Doc. # 47 at 1). It argues that a stay is appropriate based on the state court proceedings for the recently remanded declaratory relief claim and the related action against Total's former employee David Minnis, which is still pending in the Court of Common Pleas of Clermont County, Ohio. In the Ohio action, Total has filed a contempt motion against both Minnis and Tarpon, based upon Minnis's continuing to work with Tarpon despite the Ohio court's orders. (Doc. # 50 at 1). In the Florida state court action, the court has set a hearing for September 1, 2021, at which Tarpon intends to move to amend the declaratory judgment claim. (Doc. # 47 at 2).

According to Tarpon, it "would prefer to resolve the [remanded] declaratory relief [claim] before concluding the litigation of the tortious inference claims or, at a minimum, to know whether the Florida State Court will grant Tarpon leave to amend the declaratory relief claim and whether the declaratory relief claim will survive dismissal and, to the extent it does, what defenses [Total] may assert." (Id. at 3-4). In short, Tarpon considers its declaratory relief claim, which it must now litigate in Florida state court because Tarpon lacked Article III standing, to be resolved before going to trial for the tortious interference claims that remain in this Court.

Tarpon further argues that Total will suffer no prejudice from a six-month stay because Total "has not incurred significant costs in defending this litigation," in which discovery has apparently been minimal. (Doc. # 47 at 4). Regarding the Court's interests, Tarpon insists that a stay "will promote economy for the Court and parties and will allow the parties to more carefully evaluate to what extent the Remanded Action overlaps with the claims remaining before this Court." (Id.).

Total opposes a stay, relying on Federal Rule of Civil Procedure 16(b), which provides that a scheduling order may

only be modified for good cause. (Doc. # 50 at 2); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Total argues that the related state court actions do not justify a stay because such rulings by other courts "will not impact a determination by this Court at trial on whether Tarpon has been economically harmed by [Total's] actions." (Id. at 3). Total also asserts that it "will be prejudiced by further delay in this action, and intends to defend any claims that Tarpon has been economically damaged at trial." (Id.).

While the Court understands Total's argument, the Court disagrees. First, Rule 16 does not apply here as Tarpon is not asking to extend the deadlines set by the Case Management and Scheduling Order; rather, Tarpon is asking simply to stay this case. Additionally, the Court concludes that a stay pending resolution of Total's contempt motion against both Minnis and Tarpon in the Ohio action and a determination of whether Tarpon has standing to proceed on its declaratory relief claim in Florida state court would promote judicial economy. Indeed, resolution of these matters before this case proceeds to trial will likely streamline the proceedings.

Furthermore, Total will not be unduly prejudiced by such a stay, as discovery has already ended in this case and the

4

only proceeding being delayed by a few months is the bench trial on the interference claims. While this action is stayed, Total will still be litigating both the Ohio action and the Florida state court declaratory action. Thus, the stay in this action does not prevent Total from resolving other aspects of its disputes with Tarpon.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff Tarpon Transportation Services, Inc.'s Motion to Stay Case (Doc. # 47) is **GRANTED.**

(2)   The case is stayed until further order of the Court.

(2)   The Clerk is directed to stay and administratively close this case.

(3)   The parties are directed to file a joint status report in 60 days and every 60 days thereafter. The parties should be sure to address the status of the contempt motion in the Ohio action and of the Florida state court's ruling on the standing issue and Plaintiff's request to amend its declaratory judgment claim.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

30th day of August, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE